UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY WOODS,

    Plaintiff,

v.                                   Case No. 3:17cv401-MCR-CJK

CITY OF PENSACOLA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's complaint (doc. 1), filed *pro se*. From a review of the complaint, it is evident the court lacks subject-matter jurisdiction over plaintiff's claims. The undersigned thus recommends the action be dismissed.

## BACKGROUND

Plaintiff sues the City of Pensacola and describes an incident in which he allegedly fell in a pot hole in the parking lot of a Family Dollar Store located on Pace

Boulevard in Pensacola.[1] Plaintiff claims he was walking in the parking lot by the ice machine when he "fell in a big pot hole" and injured his left leg, which "hurts; like, hell!" Doc. 1 at p. 3. Plaintiff says he "cannot ben [his] knee!" Doc. 1 at p. 3. He says he stopped a police officer and "told him [he] fell in that big pot hole and to get someone to fix it soon!" Doc. 1 at p. 3. Plaintiff apparently checked on the pot hole the next day, and it was being repaired. Nevertheless, according to plaintiff, at the time he filed his complaint, "[a] month and a week have passed by and the City of Pensacola, Florida have not fix that bad pot hole! Yet!" Doc. 1 at p. 4. Plaintiff seeks $400,000 in damages, "Taday!" Doc. 1 at p. 4.

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss this case if satisfied the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissals for failure to state a claim are governed by the same

---

[1] It is not entirely clear from the style of the complaint whether plaintiff sues the City of Pensacola alone or whether he also sues the State of Florida. In the Statement of Claims section of the complaint, however, plaintiff states "[t]his lawsuit is on the City of Pensacola, Florida." Doc. 1 at p. 4. The clerk therefore shall change the docket to reflect the City of Pensacola as the sole defendant in the action.

standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint also is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

Here, it is clear subject matter jurisdiction is lacking. District courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and all civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states, 28 U.S.C. § 1332. A court should inquire into

whether it has subject matter jurisdiction at the earliest possible stage in the proceedings and, in fact, a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (*citing Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)); *Miccosukee Tribe of Indians of Fla. v. Kraus–Anderson Const. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010). "[T]he burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Lovern v. Edwards*, 190 F.3d 648, 654 (11th Cir. 1999) (*citing Thomas v. Gaskill*, 315 U.S. 442, 446 (1942)).

Plaintiff has not identified any federal law under which he proceeds, and after reviewing the complaint, the undersigned cannot discern any possible federal law violation. Instead, plaintiff plainly has asserted a negligence claim against the City of Pensacola. Such claim does not give rise to federal question jurisdiction.[2] To the extent plaintiff seeks to invoke the court's diversity jurisdiction, it is clear from the

---

[2] Even if it did, plaintiff has failed to plead the elements of a negligence claim, as he has wholly failed to allege the City of Pensacola owned or had any duty with regard to the parking lot in which the alleged pot hole was located. *See, e.g., Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012) (noting that, to sustain a negligence claim under Florida law, a plaintiff "must allege four elements: a duty, breach of that duty, causation, and damages," and that "'[e]stablishing the existence of a duty under [Florida's] negligence law is a minimum threshold legal requirement that opens the courthouse doors . . . , and is ultimately a question of law for the court rather than a jury'") (*quoting Williams v. Davis*, 974 So. 2d 1052, 1057 n. 2 (Fla. 2007)).

face of the complaint that such jurisdiction is lacking, as both plaintiff and the City of Pensacola are Florida residents.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, the deficiencies in plaintiff's complaint cannot be cured by amendment, as the court lacks subject matter jurisdiction over his claims. The undersigned thus finds plaintiff's complaint should be dismissed. *See, e.g., Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("We have recognized that district courts have the inherent power to *sua sponte* dismiss frivolous lawsuits without giving notice to the parties."); *Bochese*, 405 F.3d at 974-75 ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue") (internal marks omitted).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED for lack of subject matter jurisdiction.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 20th day of September, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.